## JESSE B. COLE v. INGHAM CIRCUIT JUDGE.

*Practice in circuit courts—Settling bill of exceptions—Costs.*

In this case the proper practice in making and settling a bill of exceptions under our rules and statutes is stated as follows:

1. Only so much of the testimony should be incorporated into a bill of exceptions as is necessary to fairly present the questions of law upon which a review is desired; which may be usually

given in narrative form, and thereby save much expense to litigants.

2. The party making the bill is under no obligation to secure a copy of the stenographer's minutes of any more of the testimony than he may deem necessary for this purpose; for which amount, when certified to by the circuit judge, he may tax as a part of his costs.

3. If the opposite party needs a copy of further testimony to enable him to propose desired amendments, he must procure it himself; nor can the appellant be required to pay for such testimony except as a part of the appellee's costs, in case he prevails and the necessity for the same is certified to by the circuit judge.

4. Amendments must contain a copy of whatever additional testimony, or exhibits, or other matter the party proposing same desires to have inserted; and copies thereof must be served on the opposite party before the time noticed for the settlement of the bill of exceptions.

5. If, when the bill and amendments are properly brought before the court for settlement, further testimony is desired by the court, to enable him to properly settle a true bill, he should direct the stenographer to transcribe the same from his minutes, and file such transcript, free of charge; and no costs should be taxed by either party therefor, the stenographer being an officer of the court for such purpose, and subject to his order and direction; at least, to that extent.

6. It is the duty of the court to see that all bills of exceptions are made in accordance with the rules of the court, and the statutes relating thereto.

*Mandamus.* Submitted October 29, 1889. Granted November 13, 1889.

Relator applies for *mandamus* to compel the circuit judge to vacate an order striking from the files a bill of exceptions heretofore signed and filed, and for other relief. Motion to vacate such order is denied, but the circuit judge is directed to proceed and settle bill of exceptions as now presented. The facts are stated in the opinion.

*Q. A. Smith,* for relator.

*R. A. Montgomery,* for respondent.

SHERWOOD, C. J. On March 19, 1888, a judgment was rendered in the Ingham circuit court against Jesse B. Cole, in favor of Simeon V. Kent. Time was given Cole to prepare a bill of exceptions, and to serve a copy of the same. The bill was made, and notice given for settlement. The parties were present at the time fixed, and counsel for Cole came before the court at the October term, and presented his bill of exceptions for settlement; but, the court not being ready to give the matter attention when the bill was presented, the matter was held open until November 16, 1888, when the case was called up by Cole's attorney, and, the attorney for the other side not being present, the bill was not consented to by Kent's attorney. The court signed the bill as presented by Cole's attorney, upon the understanding that said attorney would thereafter consent to any proper amendments the other party might thereafter desire to make to the same; and the bill was then filed.

The attorney for Kent, on the same day, and after the bill was filed, appeared before the court, and stated that he desired to propose amendments to the bill, and had the same then prepared; but, not being assented to by Cole's attorney, motion was made before the circuit judge by Kent's attorney, at the next term of the court, to strike out the bill as filed, which motion was heard, and thereafter, on February 16, 1889, granted; and in the same order time was given to settle bill on the case until March 18, following. Afterwards a motion was made by counsel for Cole to set aside said order, which was denied by the court. On March 18, 1889, the said bill of exceptions was re-presented to the court for settlement, and the proposed amendments were also presented. The cir-

cuit judge thereupon made an order, of which the following is a copy:

"The Circuit Court for the County of Ingham.
"SIMEON V. KENT
vs.
"JESSE B. COLE.

"In this cause said defendant having, since the decision of said court was announced striking the bill of exceptions heretofore settled and signed and filed therein from the files, re-proposed said bill of exceptions for settlement and signature, and the plaintiff having proposed amendments thereto, and to include therein, as such amendments, the testimony of Dr. Coad, Dr. A. B. Campbell, William Reeves, Charles Darrow, Charles Riggs, William Miller, James Manning, John Wood, John Hill, Summitt R. King, William Curtis, Charles Guchers, George Swiggert, and Mrs. Kent, on the part of said plaintiff, and the testimony of Jesse B. Cole, James Cole, Mack Cole, Mrs. Cole, Norman Cole, Newell Trumble, Frank Steadman, George Harvey, and Dennis Herron, on the part of the defendant.

"And the court having had said proposed bill of exceptions, and said proposed amendments, under advisement until now, and the court being of opinion that it is necessary, to properly settle such bill of exceptions, that the testimony of said persons, offered on the trial of said cause, be written out at length by the court stenographer, and the defendant having neglected, and still neglecting, to furnish a transcript of such testimony, it is ordered that the settlement and signing of such bill of exceptions be and hereby is denied, unless the defendant shall within a reasonable time furnish to the court a transcript of such testimony from such stenographer's minutes, for the use of the court; and that the time for settling said bill of exceptions be extended for sixty days from this date, to enable said defendant to procure and furnish the stenographer's extension of said testimony."

The relator now asks this Court to require the circuit judge to set aside the order striking said bill of exceptions from the files, and for such other directions in the premises as the nature of the case may require.

We think this motion to vacate the order striking the bill from the files should be denied, and the circuit judge should proceed and settle the bill of exceptions presented.

There appears to be a misunderstanding on the part of our circuit judges as to the proper practice in making and settling a bill of exceptions under our rules and statutes. Many of the bills of exceptions which reach this Court consist simply of a transcribed copy of the stenographer's notes, giving all the testimony in the case, with the formal comments and conclusion of a proper bill of exceptions added. This is not the bill of exceptions authorized by our rules and statutes.

Only so much of the testimony should be brought into the bill as is necessary to fairly present the questions of law raised upon which a review in this Court is desired. Usually, such testimony may be given in the bill in narrative form, and thereby save much expense to litigants; and the party making the bill is under no obligation to secure a copy of the stenographer's minutes of any more of the testimony than he may deem necessary for this purpose; and for this amount, when properly certified to by the circuit judge, if the party making the bill prevails on the appeal, he may tax as his necessary costs.

If amendments are proposed to the bill for allowance on its settlement by the opposite party, and he needs to have a copy of the reporter's minutes, or any part thereof, to enable him to prepare proper amendments, he must procure such minutes himself; and he cannot require the other party to furnish them, or to bear the expense of the same, except, in case he prevails in the suit, then the expense thereof may be taxed as part of the costs, if such minutes have been properly certified to, as necessary. And we may say further, here, that amendments, when properly proposed to a bill, must contain a copy of whatever additional testimony, or exhibits, or other matter

the party proposing the amendments desires to have inserted; and copies thereof must be served on the opposite party before the time noticed for the settlement of the bill.

If, when the bill and amendments are properly brought before the court for settlement, further testimony is desired by the court, to enable him to properly settle a true bill, he should direct the stenographer to transcribe the same from his minutes, and file such transcript, free of charge; and no costs should be taxed by either party therefor. The stenographer is an officer of the court for such purpose, and subject to his order and direction; at least, to that extent. It is also the duty of the court to see that all bills of exceptions are made in accordance with the rules of the court, and the statutes relating thereto.

The relator must be allowed in this case to have his bill of exceptions presented and settled, in the manner herein indicated, within such reasonable time hereafter as the circuit court may fix, not exceeding sixty days after the filing of this opinion, and the relator will recover the costs of this motion; and so much of the order, above mentioned, providing for the settlement of said bill as is in conflict with this opinion will be set aside.

The other Justices concurred.