## GILLIES v. KENT CIRCUIT JUDGE.

APPEAL—SETTLEMENT OF BILL OF EXCEPTIONS—FURNISHING TRANSCRIPT OF STENOGRAPHER'S NOTES.

> Under 3 How. Stat. § 6534e2, relating to the stenographer of the Kent circuit, which provides that, if it shall be necessary to procure a transcript of the stenographer's notes in order to remove a case to the Supreme Court, and the trial judge shall certify to such necessity, the appellant, if he shall prevail, may tax the cost thereof, and that said transcript may be used by the opposite party in proposing amendments to the record, the trial court, upon a certificate that a transcript of the whole or of certain parts of the testimony is necessary in order to settle a bill of exceptions, may require the appellant, at his own expense, to furnish such transcript to the appellee, to enable the latter to prepare amendments to the bill.

*Mandamus* by Edwin J. Gillies and another to compel Allen C. Adsit, circuit judge of Kent county, to vacate an order requiring relators to furnish a transcript of the stenographer's notes as a prerequisite to the settlement of a bill of exceptions. Submitted October 8, 1895. Denied October 22, 1895.

*Hatch & Wilson,* for relators.

*Wesley W. Hyde,* for respondent.

LONG, J.    Relators were plaintiffs in a suit tried in the Kent circuit court, wherein Alexander D. Esler was defendant.    The verdict and judgment having passed

against the plaintiffs, they prepared a bill of exceptions on appeal to this court. The bill was noticed for settlement before the respondent. Counsel for both parties appeared, and respondent made an order requiring the relators, at their own expense, to procure from the stenographer, and furnish counsel for defendant in the suit, a copy of a portion of the testimony taken on the trial, to enable him to prepare amendments to the bill of exceptions. This application is made for a *mandamus* directing the respondent to set aside such order.

The respondent returns that objection was made by the defendant that the bill of exceptions was incorrect, and a garbled statement of the testimony, and that respondent then made a certificate in the cause as follows:

"I hereby certify that, in order to settle a bill of exceptions in the above cause, and remove the same to the Supreme Court, a transcript of the testimony given on the trial hereof is necessary, as follows:

"1. The testimony of Charles E. McCrone in relation to conversations with defendant, and in relation to forwarding reports.

"2. The testimony of Joseph P. Visner in relation to conversations with defendant, and in relation to correspondence with plaintiffs regarding defendant."

Further notice was thereafter given by plaintiffs of a settlement of the bill, and the respondent then refused to settle the same until the plaintiffs should have furnished defendant with the testimony as ordered.

The statute relative to the appointment of a stenographer for the Kent circuit provides as follows:

"It shall be the duty of the stenographer so appointed to attend upon the court at each term, under the direction of the court, and to take full stenographic notes of the testimony and other proceedings in the trial of cases, and, in case the counsel for either party shall desire a transcript of the testimony or proceedings, it shall be the duty of the stenographer so appointed to furnish the same, and he shall be entitled to receive therefor from the party so requiring it the sum of eight cents per folio for each folio so transcribed, and such record shall be

deemed the official record of the court; and in case it shall be necessary to procure a transcript of said stenographer's notes of the testimony and proceedings in any case at law or in chancery in order to remove such case to the Supreme Court, and the court shall certify that the procurement of such transcript is necessary in order to prepare the record for hearing in the Supreme Court, then the amount of the stenographer's fees may be taxed, if the appellant shall prevail in the Supreme Court, as a proper disbursement; and said transcript may be used by the opposite party in proposing amendments to the record: *Provided,* that if the judge shall desire a copy of the testimony and other proceedings upon any trial the stenographer shall make and file the same." 3 How. Stat. § 6534e2.

It is contended by counsel that respondent was correct in assuming that under the provisions of this statute he had power to compel the relators, who prepared and presented the bill of exceptions, to furnish the opposite party with a copy of a part or the whole of the stenographer's minutes, if the same was necessary to the preparation of his amendments to the bill. We think this contention correct. The statute is very different from that relating to the duties of the stenographer of the Fourth judicial circuit,[1] referred to in *Cole* v. *Ingham Circuit Judge,* 77 Mich. 619. Here the party procuring the testimony,—that is, the appellant,—if he prevail in this court, may tax such outlay as a part of his costs. If the trial court certifies that it is necessary to have a part or the whole of the testimony to enable him to properly settle the bill of exceptions, the party preparing the bill may be compelled to furnish such part or the whole thereof. The statute provides that when so furnished the appellee may use the testimony in preparing his amendments. This seems to be the construction put upon the statute by the trial court, and we think it susceptible of no other construction.

The writ must be denied, but without costs.

The other Justices concurred.

[1] See 3 How. Stat. § 6522c2 *et seq.*